**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50516 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01466-LAB |
| v. | |
| DAVID AYALA-ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 21, 2011[**]

Before:      TASHIMA, BERZON, and TALLMAN, Circuit Judges.

David Ayala-Romero appeals from the 77-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Ayala-Romero contends that the district court committed plain error by considering the proceedings in a prior case, when imposing his sentence. The district court did not plainly err by explaining that, in its view, the proceedings in the prior case precluded the court from negotiating an appeal waiver in exchange for a reduced sentence. *See United States v. Gonzalez-Melchor*, 648 F.3d 959 (9th Cir. 2011). Moreover, Ayala-Romero has not shown that he was prejudiced by the district court's consideration of the proceedings in the prior case. *See United States v. Waknine*, 543 F.3d 546, 554-55 (9th Cir. 2008).

Because the district court did not plainly err by considering the proceedings in the prior case, Ayala-Romero's Due Process claim also fails.

Ayala-Romero also contends that the district court violated the parsimony provision of 18 U.S.C. § 3553(a) because it imposed a sentence that was greater than it believed was necessary to achieve the purposes of sentencing. The record belies that contention. To the extent that Ayala-Romero challenges the substantive reasonableness of his 77-month sentence, that challenge also fails. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the sentence at the low-end of the Guidelines range was reasonable. *See United States v. Carty*, 520 F.3d 984, 993-94 (9th Cir. 2008) (en banc).

Finally, Ayala-Romero contends that the district court's comments about another federal defender's actions in the prior case violated his right to effective assistance of counsel. Ayala-Romero has not shown that he was prejudiced by the court's comments. *See United States v. Amlani*, 111 F.3d 705, 710 (9th Cir. 1997).

**AFFIRMED.**